**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **GLENCORE LTD.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. H-11-3070** |
| | § | |
| **OCCIDENTAL ARGENTINA EXPLORATION AND PRODUCTION, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is a Motion to Dismiss filed by Defendant Sinopec Argentina Exploration and Production, Inc. ("Sinopec" or "Defendant"), formerly known as Occidental Argentina Exploration and Production, Inc.[1] (Doc. No. 10.) At issue in the pending motion is whether Defendant has been served properly. Defendant contends that Plaintiff must effect service pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361 (1965) (the "Hague Convention"). Plaintiff responds that, because it served Defendant in the United States, the Hague Convention does not apply and service was proper. After considering Defendant's motion, all responses thereto, and the applicable law, the Court concludes that the motion must be GRANTED IN PART and DENIED IN PART.

[1] According to Defendant's motion, Occidental Argentina Exploration and Production, Inc. changed its name to Sinopec Argentina Exploration and Production, Inc., effective February 22, 2011. (Doc. No. 10 at 1.) For the purposes of this Memorandum and Order, the Court will assume that Defendant has so changed its name.

## I. BACKGROUND

This is a maritime case in which Plaintiff Glencore Ltd. ("Plaintiff" or "Glencore") seeks to recover demurrage for an ocean vessel. (Compl. ¶ 1, Doc. No. 1.) Plaintiff's claim arises under a maritime contract for the delivery of crude oil to a vessel in Argentina for carriage into the United States. (*Id.*) Defendant Sinopec is a foreign corporation, and, according to Defendant, it is "organized under the laws of the Cayman Islands, registered as a branch under the laws of Argentina, and [ ] based in Buenos Aires." (Doc. No. 10 at 1.) On June 2, 2009, the parties entered into a contract under which Glencore agreed to buy and Sinopec agreed to sell 500,000 barrels of Canadon Seco crude oil to be loaded on a vessel at the port of Caleta Olivia, Argentina (the "Canadon contract"). (Canadon contract, Doc. No. 15-A.) The Canadon contract includes the following provision:

> <u>Documentation instructions:</u> Any accounting instructions and documentation, including invoices and/or loading and shipping documents covering the crude oil delivered hereunder, should be sent to . . .

(Canadon contract ¶ 19.) The Canadon contract also expressly incorporates Occidental Crude Sales, Inc.'s "General Terms and Conditions F.O.B. Sales of Crude Oil" (the "GTCs"), dated January 1995, to the extent the GTCs are "not inconsistent with the terms and conditions contained herein." (Canadon contract ¶ 18.) The GTCs include a section titled "Notices," which provides as follows:

> All notices and other communications required to be given hereunder shall be sufficient if sent by letter, telegraph, telex, facsimile machine or cable to the address of the Party specified below. All notices or statements must be given in writing, or if given orally, must be promptly confirmed in

> writing. . . . Either Party hereto may from time to time by written notice change its address.

(GTCs at 27, Doc. No. 35-A.) The address of the seller is identified as "Occidental Crude Sales, Inc. (International), c/o Occidental Energy Marketing, Inc., 5 Greenway Plaza, Suite 2400, Houston, Texas 77046." (*Id.*)

Glencore notified Defendant of its demurrage claim in an email sent on January 5, 2011 to "Occidental Argentina, c/o Occidental Energy Marketing, Inc., 5 Greenway Plaza, Houston, Texas 77046–0506." (Doc. No. 15-C.) In an email dated January 10, 2011, Andrew Wu, Senior Counsel for Occidental Energy Marketing, Inc. in Houston, replied to Glencore's email, stating that he was "house counsel for Occidental with respect to the demurrage claim in your letter . . . ." (Doc. No. 15-D.) Mr. Wu's address on that email is listed as "5 Greenway Plaza, Suite 110, Houston, Texas." *Id*. Defendant now moves to dismiss based upon ineffective service of process.

## II. LEGAL STANDARD

District courts "cannot exercise jurisdiction over a defendant which has not been served properly." *J.O. Alvarez, Inc. v. Rainbow Textiles, Inc.*, 168 F.R.D. 201, 203 (S.D. Tex. 1996); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by a defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."). "When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity." *Naranjo v. Univ. Surety of Am.*, 679 F. Supp. 2d 787, 795-96 (S.D. Tex. 2010) (quoting *Aetna Bus. Credit Inc. v. Universal Décor and Interior Design*, 635 F.2d 434, 435 (5th Cir. 2009)) (internal

quotation marks omitted). Actual notice of the claim is insufficient. *Bell v. Holloway*, 2007 WL 4613029, at *2 (S.D. Tex. Dec. 31, 2001) (citing *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995)).

Federal Rule of Civil Procedure 12(b)(5) authorizes the dismissal of an action for insufficient service of process. Fed. R. Civ. P. 12(b)(5). A district court has broad discretion either to dismiss a case for improper service of process or to quash service and grant the plaintiff time in which to serve a defendant properly. *Brown v. Mississippi Cooperative Extension Serv.*, 89 F. App'x 437, 439 (5th Cir. 2004).

## III. ANALYSIS

Because the United States and Argentina are signatories to the Hague Convention, Defendant contends that Plaintiff must serve it in accordance with the requirements set forth in the Hague Convention. Defendant also urges that Plaintiff's attempt to effect service within the United States fails under Rule 4 of the Federal Rules of Civil Procedure. In response, Glencore argues that it properly served Defendant in the United States, rendering the Hague Convention inapplicable.

### A. Rules Governing Service on a Foreign Corporation

Rule 4 of the Federal Rules of Civil Procedure sets forth the requirements for service of process. Rule 4(h) governs service of process on a foreign corporation, and states that, unless otherwise provided by federal law, a foreign business entity must be served as follows:

> (1) in a judicial district of the United States:
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receiver service of process—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for servicing an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h).

If service is being made in a judicial district of the United States, Rule 4(h) directs parties to Rule 4(e)(1), which allows service to be made in any way that complies with the law of either the state in which the action was brought or the state in which service is made. If a corporation is to be served abroad, parties must look to Rule 4(f), which allows for service "by any internationally agreed means . . . that is reasonably calculated to give notice, such as those authorized by the Hague Convention." Fed. R. Civ. P. 4(f)(1).

Because the United States and Argentina are both signatories to the Hague Convention, the Convention specifies the means by which plaintiffs must serve foreign entities located in Argentina. The Supreme Court has directed that "compliance with the Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988). Nonetheless, the Hague Convention does not override state laws that allow foreign corporations to be served domestically. *See Schlunk*, 486 U.S. at 706–07 (upholding the validity of serving process on a foreign corporation by serving the corporation's domestic subsidiary where that method of service was authorized by Illinois law). Thus, if domestic service on a foreign corporation were effected properly, the Hague Convention would not require additional, international service. *Schlunk*, 486 U.S. at 707

**B. Plaintiff's Attempt to Effect Service in Texas**

Plaintiff contends that it validly served process pursuant to the terms of the parties' contractual agreement. Plaintiff avers that, by its terms, the Canadon contract "avoids the need for service under the Hague Convention." (Doc. No. 16 at 3.) As Plaintiff notes, the Supreme Court recognizes that "the Due Process Clause does not require an official transmittal of documents abroad every time there is service on a foreign national." *Schlunk*, 486 U.S. at 707. Instead, "[w]hen service of a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends, and the [Hague] Convention has no further implications." *Id.* Plaintiff contends that it effected service on Defendant's domestic agent pursuant to Rule 4(h)(1)(B), and that it therefore does not need to serve Defendant in Argentina pursuant to the Hague Convention.

**1. Service on Defendant's agent**

Plaintiff contends that, under *Schlunk*, it was permitted to serve Defendant's domestic agent in the United States. Defendant does not dispute this interpretation of the law, but counters that the entity on whom the lawsuit was served is *not* its domestic agent, and that domestic service was therefore improper. As noted above, Rule 4(1)(h)(B) allows service upon a foreign corporation to be accomplished by delivering a copy of the summons and complaint to an agent authorized to receive service of process. This Court has recognized that the Fifth Circuit construes Rule 4(h) narrowly, and requires "that the corporate entity sought to be served must have actually authorized the agent to accept service of process on its behalf." *WesternGeco LLC v. Ion Geophysical Corp.*, 2010 WL

2266524, at *3 (S.D. Tex. June 2, 2010) (citing *Lisson v. ING Groep*, 262 F. App'x 567, 569 (5th Cir. 2007) (unpublished) (per curiam)). Thus, in the Fifth Circuit, "delivery to a purported agent does not constitute service on the would-be principal, even if the 'agent' represents himself to be so authorized or accepts service." *Fyfee v. Bumbo Ltd.*, 2009 WL 2996885, at * 3 (S.D. Tex. Sept. 16, 2009) (citation omitted) (internal quotation marks omitted). Defendant contends that, under these standards, Plaintiff has not fulfilled its service obligations under Rule 4(h)(1)(B), as Defendant does not have a registered agent for service of process in Texas. Plaintiff maintains that the parties' agreement designates such an agent when it provides information regarding where notices must be sent.

The Court finds it completely clear that the provisions in the parties' agreement which provide a contractual contact do not designate an agent for service of process. Especially because the Fifth Circuit reads service requirements narrowly, the Court cannot assume, where the contract does not so provide, that a contact provided in a contract is also the agent for service of process.

**2. Method of Service**

Plaintiff also contends that its method of service is proper because Section 12 of the GTCs—the notice provision quoted above—authorizes service on Defendant in Texas. Defendant urges that Section 12 of the GTCs conflicts with Section 19 of the Canadon contract, and that it is therefore not incorporated into the Canadon contract. Defendant also argues that, even if it is incorporated, Section 12 of the GTCs does not authorize service in Texas. Because the Court concludes that Section 12, even if

incorporated, does not govern service of process, the Court does not need to consider whether Section 12 is incorporated into the Canadon contract.

In attempting to prove that Section 12 of the GTCs governs service of process, Plaintiff points to cases outside of the Fifth Circuit holding that contracts with "notice" language govern service of process. However, the contractual language in the cases cited by Plaintiff is distinguishable from the contractual language at issue in this case. For example, in *Marlowe v. Argentine Naval Comm'n*, cited by Plaintiff, the district court held that contractual language regarding "*[a]ll notices*, requests, demands, or other communications" covered service. 604 F. Supp. 703, 704 (D.D.C. 1985) (emphasis added). In *Saunders Real Estate Corp. v. Consulate General of Greece*, 1995 WL 598964, at *2 (D. Mass. Aug. 11, 1995), the court held that language providing that "notices shall be effective when delivered" covered service.

Interestingly, in two subsequent opinions, the court that decided *Marlowe* distinguished between contractual language governing "all notices"—like the contract at issue in *Marlow*—and language governing "required notices." *See Underwood v. United Republic of Tanzania*, 1995 WL 46383, at *2 (D.D.C. Jan. 27, 1995) (notice provision covering those notices "required or permitted herein" did not include service of process); *Int'l Road Fed'n v. Democratic Republic of the Congo*, 131 F. Supp. 2d 248, 251 n.2 (D.D.C. 2001) (distinguishing the language in *Marlowe* from that in *Underwood*). Similarly, the court in *Berdakin v. Consulado de la Republica de El Salvador* considered a contractual provision stating that "[w]henever *under this Lease* a provision is made for any demand, notice or declaration of any kind, it shall be in writing and served either

personally or sent by registered or certified United States mail." 912 F. Supp. 458, 466 (C.D. Cal. 1995) (emphasis added) (internal quotation marks omitted). The court concluded that this language applied only to demands, notices, and declarations provided for by the lease; because the lease did not mention service of process, its notice provision did not cover service. *Id.*

Here, Section 12 of the GTCs refers to "[a]ll notices and other communications *required to be given hereunder*." (GTCs at 27 (emphasis added).) This language patently does not cover service of process, as service is not a notice or communication required to be given *under the contract*. *Cf. Camphor Techs., Inc. v. Biofer, S.P.A.*, 50 Conn. Supp. 227, 232 (Conn. Super. 2007) ("As indicated by the word 'hereunder,' the notice provision applies to notices given to either party under the contract. Service of process . . . does not fall within the provisions of the contract. . . . Thus, the agreement between the parties does not control the proper method of notice, including service of process."). Especially in light of the Fifth Circuit's "restrictive view of service of process rules," *WesternGeco*, 2010 WL 2266524, at *3, this language cannot be construed to apply to service of process.

## IV. CONCLUSION

Because the parties' contract neither designates an agent for service of process nor provides for a method of service, the Court concludes that Defendant has not properly been served under any recognized method for effecting service on a foreign corporation. District courts have discretion to either dismiss a case for improper service, as Defendant requests, or to quash service and grant the plaintiff time in which to serve the defendant

properly. *See Brown v. Mississippi Coop. Extension Serv.*, 89 F. App'x 437, 439 (5th Cir. 2004); *George v. U.S. Dept. of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986) ("The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process."). After weighing these two options, the Court hereby **QUASHES** service, and grants Plaintiff thirty (30) days in which to serve Defendant properly pursuant to the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

**SIGNED** this 22nd day of February, 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE