IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GLENCORE LTD.** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:11-cv-03070** |
| | § | |
| **OCCIDENTAL ARGENTINA** | § | |
| **EXPLORATION AND PRODUCTION,** | § | |
| **INC.** | § | |

**DEFENDANT SINOPEC ARGENTINA EXPLORATION AND PRODUCTION, INC.'S
RESPONSE TO PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**

Defendant Sinopec Argentina Exploration and Production, Inc. ("Sinopec Argentina"), formerly known as Occidental Argentina Exploration and Production, Inc., files this Response in Opposition to Plaintiff Glencore LTD.'s ("Plaintiff") Motion for Alternative Service ("Motion"), and would respectfully show the Court as follows:

### I.    INTRODUCTION

Sinopec Argentina is a foreign business corporation organized under the laws of the Cayman Islands, registered as a branch under the laws of Argentina and based in Buenos Aires. Sinopec Argentina does not conduct business in Texas, it does not have a registered agent for service of process in Texas, and it has not authorized another entity to accept service on its behalf in this state. Accordingly, service of process on Sinopec Argentina may only be accomplished by the transmission of judicial documents abroad, which requires service in accordance with the Hague Convention. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705-06 (1988).

Plaintiff filed suit on August 23, 2011 seeking demurrage allegedly owed by Sinopec Argentina for delays in loading a shipment of Argentine crude in the Port of Caleta Olivia, Argentina. Over seven months have passed since Plaintiff filed its Complaint. Yet, Plaintiff refuses to fulfill its service obligations by serving Sinopec Argentina in accordance with the Hague

1

Convention and is instead seeking authorization from the Court to effect service through alternative means under Rule 4(f)(3) of the Federal Rules of Civil Procedure.

Although "[t]he decision to allow alternative methods of service under Rule 4(f)(3) is committed to the court's sound discretion[,]" Plaintiff has failed to fulfill or even mention the "threshold requirement" imposed by this court, and most other courts, that have considered such motions. Before moving for authorization to employ alternative methods of service, plaintiffs must first make a reasonable attempt to effectuate service conventionally and show that, despite its diligent efforts, court intervention is necessary. *Nabulsi v. Nahyan,* No. H-06-2683, 2007 WL 2964817, at *4 (S.D. Tex. Oct. 9, 2007). This threshold requirement, although not expressly provided by Rule 4(f)(3), is necessary "to prevent parties from whimsically seeking alternative means of service and thereby increasing the workload of the courts." *Id.* (internal citation and quotation omitted). Here, Plaintiff attempts to justify the relief it seeks by omitting its burden from its Motion entirely and creatively citing case law in an attempt to support its position. As this Court held in *Nabulsi*, however, where a plaintiff has "neither argued nor made any showing that the facts and circumstances of this case are such that the court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or untried but likely to be futile", alternative service should be denied. *Id.* at *7

Further, even though such service is not subject to the 120 day deadline under Federal Rule of Civil Procedure 4(m), courts nonetheless require plaintiffs to make a timely attempt to effectuate service in a foreign country. *See Maale v. Francis,* 258 F.R.D. 533, 535 (S.D. Fla. 2009)(quoting *Nylok Corp. v. Fastener World, Inc.,* 396 F.3d 805, 807 (7th Cir. 2005)("[T]he amount of time allowed for foreign service is not unlimited. If for example, a plaintiff made no attempt to begin the process of foreign service within 120 days, it might be proper for a court to dismiss the claim")).

2

Yet, despite having actual notice of its need to do so, Plaintiff has apparently made no attempt to initiate service on Sinopec Argentina in accordance with the Hague Convention since filing this lawsuit more than 220 days ago.  Dismissal of the Complaint is thus appropriate.  *Plantation General Hosp., L.P. v. Cayman Islands,* No. 09-60884-CIV, 2010 WL 731853, at *1 (S.D. Fla. Feb. 26, 2010)("[Plaintiff] has failed to demonstrate that it has taken *any* efforts to facilitate service in accordance with the [Hague Convention].  This case has been pending for over 250 days.  Given these facts, a dismissal without prejudice, is warranted").

## II.  FACTUAL BACKGROUND

Plaintiff is seeking damages for demurrage allegedly incurred in Argentina during a force majeure event that resulted in the cessation of oil production activities in the Santa Cruz Province of Argentina.  Cmplt. [D.E. 1] at ¶¶ 4-11.  Plaintiff filed its Complaint on August 23, 2011, *id.*, and claimed that it had properly served Sinopec Argentina by leaving the summons "in the front office reception area" of "Occidental Crude Sales, Inc. (International) c/o Occidental Energy Marketing, Inc.", Sinopec Argentina's alleged "contractual contact."  *See* Return of Summons [D.E. 5].  Sinopec Argentina filed its Motion to Dismiss for Insufficient Service of Process on January 6, 2012, which asserted that Plaintiff's purported service on Sinopec Argentina was defective for failing to abide by the requirements set forth in the Hague Convention.  *See* Motion to Dismiss [D.E. 10].  On February 22, 2012, the Court issued its Memorandum and Order on Sinopec Argentina's Motion to Dismiss, which quashed Plaintiff's attempted service and ordered Plaintiff to serve Sinopec Argentina pursuant to the Federal Rules of Civil Procedure within thirty days.  *See* Memorandum and Order [D.E. 18].  Plaintiff acknowledges that its deadline to effectuate service expired on March 23, 2012.  *See* Motion at ¶ 20.  As of the date on which this Response was filed, Plaintiff had failed to serve Sinopec Argentina in accordance with the Order and instead relies upon the instant Motion seeking

3

authorization to serve Sinopec Argentina via alternative means or for an extension of time to fulfill its service obligations. *See* Motion at ¶¶ 19-20. Although Plaintiff has had actual notice of the specific defects in its attempted service since January 6, 2012, it is clear from the Motion that Plaintiff has not yet initiated service under the Hague Convention. *Id.*

### III.  ARGUMENT

A.  **PLAINTIFF HAS NOT FULFILLED THE "THRESHOLD REQUIREMENT" REQUIRED TO JUSTIFY ALTERNATIVE SERVICE**

   1. **Plaintiff Must First Demonstrate that it Reasonably Attempted to Effect Service Under the Hague Convention and the Circumstances Render Court Intervention Necessary**

Valid service of process is essential to the court's jurisdiction and a prerequisite to the court exercising authority over a defendant. *See J. O. Alvarez, Inc. v. Rainbow Textiles, Inc.,* 168 F.R.D. 201, 203 (S.D. Tex. 1996)("[A] district court cannot exercise jurisdiction over a defendant which has not been served properly"); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999) ("In the absence of service of process [or waiver of service by the defendant], a court ordinarily may not exercise power over a party the complaint names as a defendant").

Rule 4 of the Federal Rules of Civil Procedure sets forth the requirements for service of process. *See* Fed. R. Civ. P. 4; *see also Naranjo v. Univ. Surety of Am.,* 679 F.Supp.2d 787, 795 (S.D. Tex. 2010)("A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Federal Rule of Civil Procedure 4"). Rule 4(h) governs service of process on a foreign corporation and states that, unless provided otherwise by federal law, a foreign business entity must be served in any manner prescribed by Rule 4(f) for service on individuals, except personal delivery. *See* Fed. R. Civ. P. 4(h)(2).[1]

---

[1]  As the Court noted in its February 22, 2012 Order, the Fifth Circuit construes Rule 4(h) narrowly. *See* Order at 6 [D.E. 18]; *see also Fyfee v. Bumbo Ltd.,* Civ. No. H-09-0301, 2009 WL 2996885, at *2 (S.D. Tex. Sept. 16, 2009) ("The Fifth Circuit… hold[s] that the letter of Rule 4(h) should be followed in serving process on a corporation or

4

Rule 4(f) provides the means by which service in a foreign country may be effected and includes the following methods: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means, by any method reasonably calculated to give notice that is permitted under the law of the country where service is to be made; or, (3) by other means not prohibited by international agreement as may be directed by the court. *See* Fed. R. Civ. P. 4(f). Since the United States and Argentina are both signatories to the Hague Convention, the Convention specifies the means by which plaintiffs must serve foreign business entities located in Argentina. *See Schlunk*, 486 U.S. at 705 ("[C]ompliance with the Convention is mandatory in all cases to which it applies"). Plaintiffs may, therefore, only serve Argentine entities in Argentina by complying with the Hague Convention.[2]

As noted by this Court, "[t]he decision to allow alternative methods of service under Rule 4(f)(3) is committed to the court's sound discretion." *Nabulsi,* 2007 WL 2964817, at *4 (internal citation and quotation omitted). "However, to do so, plaintiffs must persuade the court that the facts and circumstances of the present case necessitate[ ] … [the court's] intervention." *Id.* (internal citation and quotation omitted). Thus, although service under Rule 4(f)(3) is "merely one means among several which enables service of process on an international defendant, a district court in exercising the discretionary power permitted by Rule 4(f)(3), may require the plaintiffs to show that they have reasonably attempted to effectuate service on defendant and that the circumstances are such that the district court's intervention is necessary to obviate the need to undertake methods of

---

business"); *WesternGeco LLC v. Ion Geophysical Corp.,* Civ. No. H-09-1827, 2010 WL 2266524 (S.D. Tex. June 2, 2010).

[2] Argentina has expressly rejected section 10(a) of the Hague Convention, which authorizes service of process by direct mail to the resident defendant. *See* Republic of Argentina's Declaration and Reservations to the Hague Convention ("The Argentine Republic opposes to the use of methods of transmission pursuant to Article 10"). The Fifth Circuit does not permit service by registered mail under the Convention. *Nuovo Pignone, SpA v. Storman Asia M/V,* 310 F.3d 374, 384 (5th Cir. 2002).

service that are unduly burdensome or that are untried but likely to be futile." *Id.* (internal citation and quotation omitted). "This threshold requirement, although not expressly provided by [Rule] 4(f)(3), is necessary in order to prevent parties from whimsically seeking alternative means of service and thereby increasing the workload of the courts." *Id.* (internal citation and quotation omitted). Where a plaintiff seeking authorization to effectuate alternative service under Rule 4(f)(3) fails to offer any explanation for why alternative service is needed and court intervention is necessary, denial of such a request is appropriate. *Id.* at *7.

Other courts interpret this "threshold requirement" similarly and require plaintiffs to attempt service through conventional means first, or demonstrate the futility of such an attempt, and then demonstrate that court intervention is necessary despite their diligent attempts at service. *See, e.g., SEC v. Lines,* No. 07-Civ.-11387, 2009 WL 2431976, at *2 (S.D.N.Y. Aug. 7, 2009)("To obtain permission for alternative service pursuant to [Rule] 4(f)(3), a plaintiff must demonstrate why service through the foreign country's Central Authority under the Hague Service Convention's procedures should not be required. . . . Having made unsuccessful efforts to serve each of the [defendants] through the appropriate Central Authority, [plaintiff] has shown that service in this manner should not be required"); *Arista Records LLC v. Media Svcs. LLC,* No. 06-Civ.-15319, 2008 WL 563470, at *1 (S.D.N.Y. Feb. 25, 2008)("[A] plaintiff seeking relief under Rule 4(f)(3) [from the requirements of service under the Hague Convention] must adequately support the request with affirmative evidence of the lack of judicial assistance by the host nation –conclusory assertions of the futility of Hague service are unavailing"); *RSM Production Corp. v. Fridman,* No. 06-Civ.-11512, 2007 WL 2295907, at *3 (S.D.N.Y. Aug. 10, 2007)(noting that the Advisory Committee Notes to Rule 4 contemplate that court-directed service pursuant to Rule 4(f)(3) may be available where a signatory to the Hague Convention is "dilatory or refuse[s] to cooperate"); *FMAC Loan*

6

*Receivables v. Dagra,* 228 F.R.D. 531, 534 (E.D. Va. 2005)("[A] district court, in exercising the discretionary power permitted by Rule 4(f)(3), may require the plaintiff to show that they have reasonably attempted to effectuate service on defendant and that the circumstances are such that the district court's intervention is necessary")(internal citation and quotation omitted); *Flock v. Scripto-Tokai Corp.,* No. H-00-3794, 2001 WL 34111630, at *1, *6 (S.D. Tex. July 23, 2001)(court will consider alternative service under Rule 4(f)(3) after plaintiff has attempted service in accordance with Hague Convention and "demonstrated an inability to perfect service")(citing *Kim v. Frank Mohn A/S,* 909 F.Supp. 474, 480 (S.D. Tex. 1995)).

Thus, although the district court has authority to authorize alternative service pursuant to Rule 4(f)(3), this Court, consistent with courts elsewhere, "require[s] the plaintiffs to show that they have reasonably attempted to effectuate service on defendant and that the circumstances are such that the district court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or that are untried but likely to be futile." *Nabulsi,* 2007 WL 2964817, at * 4. Where, as here, a plaintiff has neither argued nor made any such showing, it has not fulfilled its "threshold requirement." *Id.* at * 4, * 7 ("[T]he court is not persuaded that plaintiffs have demonstrated a need for the court's intervention").

**2. Plaintiff Has Not Met or Even Addressed its "Threshold Requirement"**

Plaintiff has made no showing whatsoever of making a reasonable attempt to properly effectuate service under the Hague Convention and the necessity of court intervention. *See id.* Instead, Plaintiff simply asserts that Sinopec Argentina has actual notice of the lawsuit, and compliance with the Hague Convention will therefore be unnecessarily time consuming and costly. This Court has previously found similar arguments unavailing:

> Plaintiffs do not seriously contend that they have substantially complied with Rule 4(f). Instead, plaintiffs argue that [defendant] has actual knowledge of this lawsuit

7

and, therefore, the service is valid. This argument is contrary to the law. A liberal construction of Rule 4 'cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had.'

*Nabulsi v. Nahyan,* No. H-06-2683, 2009 WL 1658017, at * 11 (S.D. Tex. June 12, 2009)(quoting *Mid-Century Wood Prods., Inc. v. Harris,* 936 F.2d 297, 300 (7th Cir. 1991)). This Court should hold similarly here.

Moreover, the cases upon which Plaintiff's Motion most heavily relies actually demonstrate that Plaintiff is not entitled to the request it seeks. In every case cited by Plaintiff in which the court authorized alternative service under Rule 4(f)(3), the plaintiffs had either attempted service under the Hague Convention or some other conventional method of service, no treaty or service convention applied, or the defendant had evaded service, often with the assistance of counsel. *See, e.g., RSM Production Corp.*, 2007 WL 2295907, at *4 (authorizing alternative service under Rule 4(f)(3) because "plaintiffs have been unable, despite diligent efforts, to serve the defendant in the Russian Federation according to Hague Service Convention procedures"); *Dagra,* 228 F.R.D. at 534 (authorizing alternative service because defendant filed numerous substantive motions seeking to dismiss the litigation on non-jurisdictional grounds while purposely concealing his whereabouts and evading service: "[Plaintiff] has earnestly tried to serve [defendant] and to perfect service in compliance with Rule 4(f)(1) and the Hague Convention. . . . Thus, after using due diligence to locate [defendant], [plaintiff] has satisfied the threshold requirement for invoking the Court's authority under Rule 4(f)(3) to request alternative methods of service"); *U.S. Commodity Futures Trading Comm'n v. Aliaga,* 272 F.R.D. 617, 620 (S.D. Fla. 2011)(authorizing substituted service because plaintiff "diligently attempted to perfect service"; no treaties or service conventions applied; there were no known, valid addresses for defendants; and, counsel refused to answer questions regarding the defendants' whereabouts); *Levin v. Ruby Trading Corp.,* 248 F.Supp. 537 (S.D.N.Y.

\\DE - 039401/000001 - 522050 v2

1965)(plaintiff had attempted service multiple times previously; counsel advised that further attempts at personal service would be unsuccessful; and, defendant had already been deposed); *RPost Holdings, Inc. v. Kagan*, No. 11-cv-238, 2012 WL 194388, at *2 (E.D. Tex. Jan. 23, 2012)(authorizing alternative service because service in accordance with Hague Convention was unsuccessful and counsel refused to provide defendant's new address).

Because Plaintiff has made no effort to serve Sinopec Argentina in accordance with the Hague Convention, this matter is facially distinguishable from the cases Plaintiff cites in support of its Motion. None of the opinions cited by Plaintiff authorized alternative service under Rule 4(f)(3) unless the plaintiff demonstrated that it had previously made reasonable attempts to effectuate service under more conventional service methods, and, despite its diligence, court intervention was needed to perfect service. Thus, the authority Plaintiff cites is therefore inapposite. *See Nabulsi*, 2007 WL 2964817, at *7 (dismissing motion for alternative service when facts of case were distinguishable from those on which plaintiff relied). Since Plaintiff has neither argued nor made any showing that the facts and circumstances of this case are such that the Court's intervention is necessary to effectuate service on Sinopec Argentina, the Court should deny Plaintiff's Motion.

**B.      DISMISSAL OF THE COMPLAINT IS APPROPRIATE**

Dismissal of the Complaint is warranted because Plaintiff has neither attempted nor accomplished service on Sinopec Argentina through the Hague Convention. *TPCO Enterprise, Inc. v. Rickmers-Linie GMBH & CIE,* Civ. No. H-07-2001, 2008 WL 167078, at *1 (S.D. Tex. Jan. 16, 2008) (dismissing complaint filed by Glencore's counsel for insufficient service of process because "[p]laintiff has neither attempted nor accomplished service on [d]efendant through the Hague Convention"); *Plantation General Hosp.,* 2010 WL 731853, at *1 ("Despite [plaintiff's] . . . acknowledging that the proper method of serving [defendant] is through the Hague Convention

9

procedures, [plaintiff] has failed to demonstrate that it has taken *any* efforts to facilitate service in accordance with the proper procedures")(emphasis in original).

Plaintiff's continuing delay in making efforts to effect service, despite its obligation to do so under the Hague Convention and in contravention of this Court's Order, further renders dismissal of Plaintiff's complaint appropriate. From the inception of this case seven months ago, Plaintiff should have known that the proper method of serving Sinopec Argentina was through the Hague Convention. Even if Plaintiff was not then aware of the proper method of service, it nonetheless received actual notice of this requirement upon receiving Sinopec Argentina's motion to dismiss in January 2012. Although the 120 day deadline for service under Rule 4(m) does not apply to service in a foreign country, courts nonetheless may require plaintiffs to make a good faith effort at attempting service abroad within a reasonable amount of time. *Plantation General Hosp.,* 2010 WL 731853, at *1("The facts of this case present the precise situation that has led numerous courts to conclude that a plaintiff serving a foreign country, although not held to the 120 day filing requirement, must still take some efforts to attempt service, or face dismissal")(citing *USHA(India), Ltd. v. Honeywell Intern., Inc.,* 421 F.3d 129, 134 (2d Cir. 2005)); *Maale,* 258 F.R.D. at 535 (collecting cases); *Nabulsi v. Nahyan,* No. H-06-2683, 2008 WL 1924235, at *5-6 (S.D. Tex. Apr. 29, 2008)(noting that although Rule 4(m) does not apply to service in a foreign country, the time allowed for foreign service is not unlimited and the court is, therefore, not precluded from setting a reasonable deadline to perfect service). Even now, after Plaintiff has acknowledged its obligation to serve Sinopec Argentina under the Hague Convention, Plaintiff has apparently not taken any steps to facilitate service in accordance with the Convention, despite the Court's Order to effect service on Sinopec Argentina by March 23, 2012. *See* Motion at ¶¶ 9, 18. In such circumstances, dismissal of the Complaint is appropriate.

10

## IV.     CONCLUSION

Plaintiff Glencore LTD. has failed to fulfill the threshold requirement needed to justify alternative service under Rule 4(f)(3): it has failed to demonstrate that it made reasonable attempts to effectuate service on Defendant Sinopec Argentina Exploration and Production, Inc. pursuant to the Hague Convention and, despite its diligent efforts, court intervention is necessary to fulfill its service obligations.  In fact, although Plaintiff filed its Complaint over 220 days ago, it has apparently made no effort to initiate service on Sinopec Argentina under the Hague Convention.  Because Plaintiff has a clear method for obtaining service on Sinopec Argentina, but simply chooses not to pursue it, alternative service under Rule 4(f)(3) is inappropriate.  Defendant respectfully requests that the Court exercise its discretion and dismiss Plaintiff's Complaint.

Dated: April 2, 2012.

 Respectfully submitted,

 **HOGAN LOVELLS US LLP**

 By: */s/ Bruce D. Oakley*
  Bruce D. Oakley
  State Bar No. 15156900
  Southern District ID No. 11824
  700 Louisiana, Suite 4300
  Houston, Texas 77002
  Telephone: 713.632.1400
  Facsimile: 713.632.1401
  **Counsel for Sinopec Argentina**
  **Exploration and Production, Inc.**

Of counsel:
Aaron R. Crane
State Bar No. 24050459
Southern District ID No. 619093
700 Louisiana, Suite 4300
Houston, Texas 77002
Telephone: 713.632.1400
Facsimile: 713.632.1401

## CERTIFICATE OF SERVICE

 I hereby certify that on this 2nd day of April 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

       */s/ Bruce D. Oakley*
        Bruce D. Oakley